IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY PRITCHETT,
    Plaintiff,

vs.                                    Case No.: 5:16cv87/LAC/EMT

BRANTLEY CLARK, JR., et al.,
    Defendants.
_____ /

## REPORT AND RECOMMENDATION

Plaintiff Gary Pritchett ("Pritchett"), proceeding pro se and in forma pauperis, commenced this action by filing a civil right complaint under 42 U.S.C. §§ 1983, 1985, and 1986 (ECF No. 1). Pritchett was a prisoner at the time he commenced this action, but was subsequently released from incarceration (*see* ECF Nos. 1, 7). Pending before the court is Pritchett's Amended Complaint (ECF No. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); and Fed. R.

Civ. P. 72(b). After careful consideration of all issues raised by Pritchett, it is the opinion of the undersigned that dismissal of this action is warranted.

I.   PRITCHETT'S ALLEGATIONS

Pritchett names two Defendants in his Amended Complaint: (1) the Honorable Brantley Clark, Jr., a judge of the Circuit Court in and for Bay County, Florida, and (2) Frank McKeithen, the Sheriff of Bay County, Florida (ECF No. 11 at 1–3).[1] Pritchett alleges that on October 7, 2015, he was arrested, pursuant to an arrest warrant, for a violation of probation ("VOP") in Bay County Circuit Court Case No. 14-000775-CF (*id.* at 3, 6). Pritchett alleges that even though the arrest warrant issued prior to his arrest, and was entered into the National Crime Information Center ("NCIC"), it was not entered on the public docket of his criminal case until after his arrest (*id.* at 6). Pritchett alleges the arrest warrant alleged a "technical" violation of his probation, and that the alleged violation "was not a substantive (common law) crime, nor related thereto" (*id.* at 3). Pritchett alleges Judge Clark ordered him held without bond, without any valid reason, and without a determination of guilt, for 174 days, from October 7, 2015 to March 30, 2016 (*id.* at 3, 6). He alleges Sheriff McKeithen held him in custody during that time (*id.* at 6). Pritchett alleges he

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Pritchett may have assigned.

Case No.: 5:16cv87/LAC/EMT

appeared at a first appearance on October 28, 2015, and attended six additional court hearings during the six-month period of his detention (*id.* at 3). He alleges Judge Clark dismissed all of the documents he filed in the criminal case, including a petition for writ of habeas corpus and "commercial processes" (*id.* at 6). Pritchett also alleges Judge Clark interrupted him, and "cut him off" when he attempted to speak during court hearings (*id.*). Pritchett alleges that on March 30, 2016, he was coerced into signing a plea agreement, pursuant to which his probation was reinstated and modified (*id.* at 5–6).

Pritchett claims that Judge Clark failed to afford him a full and fair hearing in state court, in violation of his due process rights guaranteed by the Fourth and Fourteenth Amendments (ECF No. 11 at 4–5). He claims that Sheriff McKeithen restrained his liberty by detaining him, from the date of his arrest to the date of his sentencing, without a determination of guilt or for any valid reason (*id.* at 3, 6). Pritchett also claims that Judge Clark and Sheriff McKeithen conspired to deprive him of his constitutional rights by restraining his liberty and violating his due process rights, in violation of 42 U.S.C. §§ 1985, 1986 (*id.* at 3, 4–5). Pritchett seeks compensatory and punitive damages (*id.*).

II.     ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this action if satisfied that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Initially, Judge Clark is absolutely immune from suit. *See* Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks,

449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a "judicial" one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. Stump, 435 U.S. at 355–57; *see also* Mireles, 502 U.S. at 11

(judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. Simmons, 86 F.3d at 1084–85 (citing Stump, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

Case No.: 5:16cv87/LAC/EMT

Here, Judge Clark's conduct in the criminal proceedings involving Pritchett (e.g., determining whether Pritchett should be detained, determining bond, ruling on filings, and making rulings during hearings) were functions normally performed by a judge. Furthermore, because Pritchett was a party in the case over which Judge Clark presided, he dealt with Judge Clark in the Judge's judicial capacity. Moreover, the facts do not suggest that Judge Clark acted in the complete absence of all jurisdiction. Therefore, Pritchett's claims against Judge Clark are barred by the doctrine of judicial immunity.

With regard to Sheriff McKeithen, Pritchett's factual allegations fail to state a plausible Fourth Amendment claim. Where, as here, a seizure is pursuant to legal process (i.e., after a warrant has been issued for arrest or after an information has been filed), the common law tort "most closely analogous" to this situation is that of malicious prosecution. Whiting v. Traylor, 85 F.3d at 581, 585–86 (11th Cir. 1996) (citations omitted). Malicious prosecution is a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983. *See* Grider v. City of Auburn, Ala., 618 F.3d 1240, 1256 (11th Cir. 2010). "[A]lthough both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal

constitutional claim, and its elements and whether they are met ultimately are controlled by federal law." *Id.* (internal citation omitted). A plaintiff has no malicious prosecution claim until the underlying proceeding was terminated in his favor; so, where a section 1983 plaintiff is seized following the institution of a prosecution (for example, after a warrant has been issued for arrest or after an information has been filed), and he seeks to recover damages for all the elements of the prosecution, he must properly wait until the prosecution terminates in his favor to bring his section 1983 claim which alleges that the seizure was unreasonable. *See* Whiting, 85 F.3d at 586 (citations omitted).

Here, Pritchett has not shown that the prosecution terminated in his favor. He admits that he pleaded guilty to the VOP on March 30, 2016. The online public docket of the Clerk of Court for Bay County, Florida, of which the court takes judicial notice, indeed indicates that on March 30, 2016, Pritchett entered a plea to the VOP. *See* https://court.baycoclerk.com, search Case No. 14000775CF. The docket indicates that on that day, the court sentenced Pritchett to 174 days in the Bay County Jail, with pre-sentence credit of 174 days, extended Pritchett's probation for twelve months (six months of drug offender probation followed by the balance of his probationary term), modified the terms of Pritchett's probation, and ordered that Pritchett's supervision may be transferred to the State of Georgia. *See id.* In light of the fact that Pritchett's

Case No.: 5:16cv87/LAC/EMT

prosecution did not terminate in his favor, he cannot state a Fourth Amendment violation.

Pritchett's conclusory allegations of conspiracy in violation of 42 U.S.C. §§ 1985 and 1986 fall far short of the requisite pleading for these claims. There are four elements required to state a cognizable § 1985(3) conspiracy claim: "'(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002) (internal quotation marks and citation omitted). Additionally, to state a § 1985(3) claim, the plaintiff must allege "invidious discriminatory intent" on the part of the defendants. *Id.*; *see also* Griffin v. Breckenridge, 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971) (holding that any § 1985 subsection three claim must establish "some racial or perhaps otherwise class-based, invidiously discriminatory animus" behind the conspirators' actions to deprive plaintiffs of their civil rights). In pleading the existence of a conspiracy, the plaintiff must plead with enough specificity to inform the defendant of the nature of the conspiracy which is alleged. *See* Fed. R. Civ. P. 8. It is not enough to simply aver in the complaint that a conspiracy existed.

*Cf.* Bell Atl. Corp. v. Twombly, 550 U.S. at 556–57 (holding, in the context of a conspiracy claim asserted under the Sherman Act, that "[w]ithout more, parallel conduct does not suggest conspiracy").

Here, Pritchett makes only a conclusory assertion that Judge Clark and Sheriff McKeithen conspired with the prosecutor "to deprive me of my constitutional rights by restraining my liberty & violating my due process rights under color of law" (ECF No. 11 at 3). Pritchett fails to allege even a minimum of factual support for the existence of a conspiracy, and further fails to allege any race or class-based animus as a foundation for his § 1985 claim. As Pritchett failed to raise his right to relief above the line from the conceivable to the plausible, his § 1985 claim should be dismissed.

Pritchett's § 1986 claim must also be dismissed. Where no viable claim of conspiracy under § 1985 is established, there can be no derivative claim under § 1986 for failure to prevent a civil rights conspiracy. *See* Farese v. Sherer, 342 F.3d 1223, 1232 n.12 (11th Cir. 2003) (where there is no underlying conspiracy to support a Section 1985 claim, the derivative Section 1986 claim must also fail); Park v. City of Atlanta, 120 F.3d 1157, 1159–60 (11th Cir. 1997).

III. CONCLUSION

Pritchett's claims are subject to dismissal for failing to state a claim upon which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). Therefore, this action should be dismissed.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 15th day of July 2016.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 5:16cv87/LAC/EMT